1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10
11   ROOSEVELT WOOTEN,              )   Case No. CV 10-8264 JC
                                    )
12                   Plaintiff,     )
                                    )   MEMORANDUM OPINION
13            v.                    )
                                    )
14                                  )
     MICHAEL J. ASTRUE,             )
15   Commissioner of Social         )
     Security,                      )
16                                  )
                     Defendant.     )
17   _____)
18
19   I.    SUMMARY
20         On November 4, 2010, plaintiff Roosevelt Wooten ("plaintiff") filed a
21   Complaint seeking review of the Commissioner of Social Security's denial of
22   plaintiff's application for benefits.  The parties have consented to proceed before a
23   United States Magistrate Judge.
24         This matter is before the Court on the parties' cross motions for summary
25   judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The
26   Court has taken both motions under submission without oral argument.  See Fed.
27   R. Civ. P. 78; L.R. 7-15; Nov. 5, 2010 Case Management Order, ¶ 5.
28   ///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On June 30, 2008, plaintiff filed an application for Supplemental Security Income benefits. (Administrative Record ("AR") 16, 113). Plaintiff asserted that he became disabled on September 19, 2007, due to back, right leg and right hip pain. (AR 142). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel), a medical expert and a vocational expert on February 4, 2010. (AR 47-71).

On March 5, 2010, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 24). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: degenerative arthritis of the lumbosacral spine and a treated right shoulder rotator cuff tear (AR 18); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 15); (3) plaintiff retained the residual functional capacity to perform a reduced range of medium work (20 C.F.R. § 416.967(c))[2] (AR 19); (4) plaintiff could not perform his past relevant

---

[1]The harmless error rule applies to the review of administrative decisions regarding disability. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

[2]The ALJ determined that plaintiff could perform a reduced range of medium work, specifically plaintiff: (i) could lift and carry 50 pounds occasionally and 25 pounds frequently; (ii) could sit for six hours out of an eight-hour work day; (iii) could stand and/or walk for four hours out of an eight-hour work day with normal breaks such as every two hours; (iv) could climb stairs, but could not climb ladders, work at heights or balance; and (v) could perform occasional work above shoulder level on the right. (AR 19)

work (AR 23); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically hand packer and sweeper/cleaner (AR 23-24); and (6) plaintiff's allegations regarding his limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 20).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III.   APPLICABLE LEGAL STANDARDS

### A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)   Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2)   Is the claimant's alleged impairment sufficiently severe to limit claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3)   Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R.

///

Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If
not, proceed to step four.

(4)     Does the claimant possess the residual functional capacity to
        perform claimant's past relevant work?  If so, the claimant is
        not disabled.  If not, proceed to step five.

(5)     Does the claimant's residual functional capacity, when
        considered with the claimant's age, education, and work
        experience, allow claimant to adjust to other work that exists in
        significant numbers in the national economy?  If so, the
        claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th
Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

        The claimant has the burden of proof at steps one through four, and the
Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262
F.3d 949, 954 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679
(claimant carries initial burden of proving disability).

        **B.     Standard of Review**

        Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of
benefits only if it is not supported by substantial evidence or if it is based on legal
error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.
2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457
(9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable
mind might accept as adequate to support a conclusion."  Richardson v. Perales,
402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a
mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing
Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

        To determine whether substantial evidence supports a finding, a court must
""consider the record as a whole, weighing both evidence that supports and

4

evidence that detracts from the [Commissioner's] conclusion.'" <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting <u>Penny v. Sullivan</u>, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. <u>Robbins</u>, 466 F.3d at 882 (citing <u>Flaten</u>, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that a reversal or remand is warranted because the ALJ (1) failed properly to evaluate the opinions of two treating physicians, Dr. Monica Vidal and Dr. Dandar Kyi; and (2) inadequately evaluated the credibility of plaintiff's subjective complaints. For the reasons discussed below, plaintiff is not entitled to a reversal or remand on either of these grounds.

### A. The ALJ Properly Evaluated the Medical Evidence

#### 1. Pertinent Law

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided. Courts distinguish among the opinions of three types of physicians: those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians"). <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted). A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion.[3] <u>See</u> <u>id.</u> In general, the opinion of a treating physician is entitled to greater weight than that of a non-treating

---

[3]<u>Cf.</u> <u>Le v. Astrue</u>, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to draw bright line distinguishing treating physicians from non-treating physicians; relationship is better viewed as series of points on a continuum reflecting the duration of the treatment relationship and frequency and nature of the contact) (citation omitted).

physician because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal quotations omitted). The ALJ can reject the opinion of a treating physician in favor of another conflicting medical opinion, if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. Id. (citation and internal quotations omitted); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out detailed and thorough summary of facts and conflicting clinical evidence, stating his interpretation thereof, and making findings) (citations and quotations omitted); Magallanes, 881 F.2d at 751, 755 (same; ALJ need not recite "magic words" to reject a treating physician opinion – court may draw specific and legitimate inferences from ALJ's opinion). "The ALJ must do more than offer his conclusions." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). "He must set forth his own interpretations and explain why they, rather than the [physician's], are correct." Id. "Broad and vague" reasons for rejecting the treating physician's opinion do not suffice. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).

Although the treating physician's opinion is generally given more weight, a nontreating physician's opinion may support rejecting the conflicting opinion of a claimant's treating physician. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.

1995).  If a nontreating physician's opinion is based on independent clinical

findings that differ from the findings of the treating physician, the nontreating

physician's opinion may be considered substantial evidence.  Id. at 1041 (citing

Magallanes, 881 F.2d at 751).  If that is the case, then the ALJ has complete

authority to resolve the conflict.[4]  On the other hand, if the nontreating physician's

opinion contradicts the treating physician's opinion but is not based on

independent clinical findings, or is based on the clinical findings also considered

by the treating physician, the ALJ can only reject the treating physician's opinion

by giving specific, legitimate reasons based on substantial evidence in the record.

Id. (citing Magallanes, 881 F.2d at 755); see Magallanes, 881 F.2d at 751-52

(Substantial evidence that can support the conflicting opinion of a nonexamining

medical advisor can include:  laboratory test results, contrary reports from

examining physicians, and testimony from the plaintiff that is inconsistent with the

treating physician's opinions.).

///

///

///

///

///

///

///

///

///

///

///

---

[4]Where there is conflicting medical evidence, the Secretary must assess credibility and resolve the conflict.  Thomas, 278 F.3d at 956-57.

## **2. Analysis**

Plaintiff contends that the ALJ improperly rejected the opinions expressed by Drs. Vidal[5] and Ky[6] that plaintiff was essentially unable to perform even sedentary work.[7] (Plaintiff's Motion at 3-6) (citing AR 379-83, 389-93). The Court concludes that a remand or reversal is not warranted on this basis because the ALJ properly rejected such medical opinions for specific and legitimate reasons supported by substantial evidence.

---

[5]In a Lumbar Spine Residual Functional Capacity Questionnaire dated September 30, 2009, Dr. Vidal diagnosed plaintiff with low back pain and radiculopathy, and opined that plaintiff (i) experienced constant pain severe enough to interfere with attention and concentration needed to perform even simple work tasks; (ii) could sit or stand for no more than 15 minutes at one time; (iii) could sit and stand/walk less than two hours total in an eight-hour work day; (iv) needed to walk around for ten minutes every 20 minutes; (v) needed to take unscheduled, ten-minute breaks every 30 to 60 minutes; (vi) needed a cane or other assistive device for occasional standing/walking; (vii) could only occasionally lift and carry less than 10 pounds; (viii) could never twist, stoop/bend, crouch/squat, climb ladders or stairs; (ix) had significant (but unspecified) limitations with reaching, handling or fingering; and (x) would likely be absent from work more than four days per month. (AR 379-83).

[6]In a Physical Residual Functional Capacity Questionnaire dated December 11, 2009, Dr. Kyi diagnosed plaintiff with low back pain and radiculopathy, and opined that plaintiff (i) experienced constant pain severe enough to interfere with attention and concentration needed to perform even simple work tasks; (ii) could sit or stand for no more than 10 minutes at one time; (iii) could sit and stand/walk less than two hours total in an eight-hour work day; (iv) needed to walk around for ten minutes every 15 minutes; (v) needed to take unscheduled, ten-minute breaks every 30 to 60 minutes; (vi) needed a cane or other assistive device for occasional standing/walking; (vii) could only occasionally lift and carry less than 10 pounds; (viii) could occasionally look down, turn head right or left, look up, hold head in static position; (ix) could never twist, stoop/bend, crouch/squat, climb ladders or stairs; (x) had significant (but unspecified) limitations with reaching, handling or fingering; and (xi) would likely be absent from work more than four days per month. (AR 389-93). In a Medical Statement Regarding Shoulders for Social Security Disability Claim dated December 15, 2009, Dr. Kyi opined that plaintiff (i) could sit or stand 10 minutes at one time; (ii) could sit or stand two hours in a work day; (iii) could lift five pounds on an occasional basis; and (iv) suffered from severe pain. (AR 394).

[7]Plaintiff and defendant disagree as to whether Drs. Vidal and Kyi were plaintiff's "treating" physicians for Social Security Disability purposes. (Plaintiff's Motion at 5; Defendant's Motion at 5). Nonetheless, as reflected in the discussion below, even assuming that such doctors were plaintiff's treating physicians, the Court still concludes that the ALJ properly evaluated the medical opinion evidence.

First, an ALJ may properly rejected a medical opinion that is unsupported by the physician's own notes or the record as a whole. Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (treating physician's opinion properly rejected where treating physician's treatment notes "provide no basis for the functional restrictions he opined should be imposed on [the claimant]"); see Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (ALJ need not accept treating physician's opinions that are conclusory and brief, or unsupported by clinical findings, or physician's own treatment notes). Here, Dr. Vidal's opinions were based on clinical findings that "[plaintiff was] unable to walk, sit or stand for more than 15 minutes secondary to pain," and "objective signs" that plaintiff had reduced range of motion in the lower back, positive straight leg raising test, abnormal gait, sensory loss, tenderness, muscle spasm and weakness. (AR 379-80). Dr. Kyi found only "tenderness on lower lumbar with muscular tense [and] positive straight leg raising test." (AR 389). The ALJ determined, however, that such "clinical findings" did not support the significant limitations imposed by the physicians. For example, as the ALJ noted, although Drs. Vidal and Kyi opined that plaintiff was unable to walk for more than 10-15 minutes at a time, and could sit/stand for less than 2 hours out of an eight-hour work day, neither physician found that plaintiff had muscle atrophy and wasting – symptoms that would be expected from an individual with such extreme limitations. (AR 23, 380). Similarly, as the ALJ indicated, neither doctor's report contained clinical findings that would support any limitation in neck movement, reaching, handling, or fingering. (AR 23, 378-79). This Court will not second-guess the ALJ's reasonable interpretation of the findings in the reports from Drs. Vidal and Kyi, even if such evidence could give rise to inferences more favorable to plaintiff. Robbins, 466 F.3d at 882.

Moreover, the ALJ properly rejected the opinions of Drs. Vidal and Kyi in favor of the conflicting opinions of Dr. Bunsri Sophon, the consultative examining

physician,[8] and the testifying medical expert – neither of whom found any physical limitations beyond those already accounted for in the ALJ's residual functional capacity assessment.[9] (AR 20, 22, 55-60, 290-94). Dr. Sophon's opinions were supported by independent clinical findings (*i.e.*, a Complete Orthopedic Evaluation and physical examination of plaintiff) (AR 290-94), and thus constituted substantial evidence upon which the ALJ could properly rely to reject the opinions of Drs. Vidal and Kyi. See, e.g., Tonapetyan, 242 F.3d at 1149 (consultative examiner's opinion on its own constituted substantial evidence, because it rested on independent examination of claimant); Andrews, 53 F.3d at 1041. The testimony from the medical expert also constituted substantial evidence supporting the ALJ's decision since such testimony was expressly based on, and is consistent with, the examining physician's opinions and underlying independent findings (AR 58-59). See Tonapetyan, 242 F.3d at 1149 (holding that opinions of nontreating or nonexamining doctors may serve as substantial evidence when consistent with independent clinical findings or other evidence in the record); Andrews, 53 F.3d at 1041 ("reports of the nonexamining advisor need not be discounted and may serve as substantial evidence when they are supported by

_____

[8]Dr. Bunsri Sophon, a consultative physician, examined plaintiff and found, *inter alia*, that plaintiff had normal posture, sat comfortably and rose without difficulty, had normal gait, full range of motion in the cervical spine with no evidence of muscle atrophy or spasm, limited range of motion in the thoracic and lumbar spine (but with a negative straight leg raising test and no evidence of tenderness or muscle spasm), full range of motion in both upper and lower extremities with no tenderness, swelling or muscle atrophy, and normal motor strength, sensation and reflexes. (AR 291-94). Dr. Sophon concluded that plaintiff could perform a full range of medium work (*i.e.*, lift/carry 50 pounds occasionally and 25 pounds frequently; sit, stand and walk six hours out of an eight-hour work day). (AR 20, 294).

[9]Plaintiff asserts that Drs. Vidal and Kyi "relied on the same objective and clinical findings" as the examining physician and testifying medical expert. (AR 6). Plaintiff's assertion, however, is belied by the record which reflects that the examining physician relied on his own, independent clinical findings, and the testifying medical expert expressly relied on the examining physician's findings. (AR 55-60, 290-94).

other evidence in the record and are consistent with it"); <u>Morgan</u>, 169 F.3d at 600

(testifying medical expert opinions may serve as substantial evidence when "they

are supported by other evidence in the record and are consistent with it"). Any

conflict in the properly supported medical opinion evidence is the sole province of

the ALJ to resolve. <u>Andrews</u>, 53 F.3d at 1041.

Accordingly, a remand or reversal is not warranted on this basis.

**B.     The ALJ Properly Evaluated Plaintiff's Credibility**

**1.     Pertinent Law**

Questions of credibility and resolutions of conflicts in the testimony are

functions solely of the Commissioner. <u>Greger v. Barnhart</u>, 464 F.3d 968, 972 (9th

Cir. 2006). If the ALJ's interpretation of the claimant's testimony is reasonable

and is supported by substantial evidence, it is not the court's role to "second-

guess" it. <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001).

An ALJ is not required to believe every allegation of disabling pain or other

non-exertional impairment. <u>Orn</u>, 495 F.3d at 635 (citing <u>Fair v. Bowen</u>, 885 F.2d

597, 603 (9th Cir. 1989)). If the record establishes the existence of a medically

determinable impairment that could reasonably give rise to symptoms assertedly

suffered by a claimant, an ALJ must make a finding as to the credibility of the

claimant's statements about the symptoms and their functional effect. <u>Robbins</u>,

466 F.3d 880 at 883 (citations omitted). Where the record includes objective

medical evidence that the claimant suffers from an impairment that could

reasonably produce the symptoms of which the claimant complains, an adverse

credibility finding must be based on clear and convincing reasons. <u>Carmickle v.

Commissioner, Social Security Administration</u>, 533 F.3d 1155, 1160 (9th Cir.

2008) (citations omitted). The only time this standard does not apply is when

there is affirmative evidence of malingering. <u>Id.</u> The ALJ's credibility findings

"must be sufficiently specific to allow a reviewing court to conclude the ALJ

rejected the claimant's testimony on permissible grounds and did not arbitrarily

discredit the claimant's testimony." <u>Moisa v. Barnhart</u>, 367 F.3d 882, 885 (9th Cir. 2004).

To find the claimant not credible, an ALJ must rely either on reasons unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), internal contradictions in the testimony, or conflicts between the claimant's testimony and the claimant's conduct (*e.g.*, daily activities, work record, unexplained or inadequately explained failure to seek treatment or to follow prescribed course of treatment). <u>Orn</u>, 495 F.3d at 636; <u>Robbins</u>, 466 F.3d at 883; <u>Burch</u>, 400 F.3d at 680-81; SSR 96-7p. Although an ALJ may not disregard such claimant's testimony solely because it is not substantiated affirmatively by objective medical evidence, the lack of medical evidence is a factor that the ALJ can consider in his credibility assessment. <u>Burch</u>, 400 F.3d at 681.

## 2. Analysis

Plaintiff contends that the ALJ inadequately evaluated the credibility of his subjective complaints. (Plaintiff's Motion at 7-9). The Court disagrees.

First, the ALJ could properly discredit plaintiff's subjective complaints due to internal conflicts within plaintiff's own statements and testimony. <u>See</u> <u>Light v. Social Security Administration</u>, 119 F.3d 789, 792 (9th Cir.), <u>as</u> <u>amended</u> (1997) (in weighing plaintiff's credibility, ALJ may consider "inconsistencies either in [plaintiff's] testimony or between his testimony and his conduct"); <u>see</u> <u>also</u> <u>Fair</u>, 885 F.2d at 604 n.5 (9th Cir.1989) (ALJ can reject pain testimony based on contradictions in plaintiff's testimony). Here, as the ALJ noted, plaintiff stated (at the hearing and during the consultative examination) that pain medication did nothing to alleviate his constant, severe pain. (AR 21, 62-63, 290). The record reflects, however, that plaintiff regularly received refills for such pain medication. (AR 21; <u>see</u>, <u>e.g.</u>, AR 220, 221, 242, 314, 317, 315, 355, 357).

Second, the ALJ properly discredited plaintiff's subjective complaints as inconsistent with plaintiff's own conduct. <u>See</u> <u>Thomas</u>, 278 F.3d at 958-59

(inconsistency between the claimant's testimony and the claimant's conduct supported rejection of the claimant's credibility); <u>Verduzco v. Apfel</u>,188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies between claimant's testimony and actions cited as a clear and convincing reason for rejecting the claimant's testimony). For example, the ALJ noted that at a June, 18, 2008 physical therapy session plaintiff claimed that intense pain prevented him from ambulating without crutches, yet plaintiff still performed all the assigned therapy without difficulty or pain behavior, and plaintiff moved about the clinic without crutches, limping only some of the time. (AR 21) (citing AR 203). Similarly, on June 23, 2008, the physical therapist noted that plaintiff limped while moving about the clinic, but did not limp while using the treadmill. (AR 21) (citing AR 202).

Finally, an ALJ may discredit a plaintiff's subjective symptom testimony in part based on conflicts with objective medical evidence. <u>See</u> <u>Burch</u>, 400 F.3d at 681; <u>Rollins</u>, 261 F.3d at 857 ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (citation omitted). Here, the ALJ noted that plaintiff claimed that he needed crutches to ambulate, yet the record lacked evidence that plaintiff was ever prescribed any assistive device. (AR 21). In addition, during the consultative examination plaintiff displayed good grip strength in his non-dominant, right-upper extremity, had no muscle atrophy, was able to sit and stand normally, could rise from a chair and walk without difficulty, and could move on and off the examining table with ease. (AR 21) (citing AR 291-92). The ALJ noted that x-rays showed only minimal degenerative changes, and that none of plaintiff's physicians had recommended surgical intervention. (AR 21, 254-57). It was reasonable for the ALJ to conclude that such evidence is "inconsistent with the presence of an incapacitating or debilitating medical condition." (AR 21).

Accordingly, plaintiff is not entitled to a reversal or remand on this basis.

**V.    CONCLUSION**

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   July 29, 2011

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

14